**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ANTHONY JAMES,**

                **Plaintiff,**

-vs-                                              **Case No.  6:08-cv-103-Orl-28KRS**

**SANFORD AUTO DEALER EXCHANGE,**
**INC.,**

                **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 31)** |
| **FILED:** | **July 18, 2008** |

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR FAIRNESS HEARING AND APPROVAL OF SETTLEMENT (Doc. No. 33)** |
| **FILED:** | **August 26, 2008** |

This case was brought by Plaintiff Anthony James as a collective action under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

Nine people in addition to James purported to opt-in as plaintiffs to the action. Doc. Nos. 13, 14, 17. Although James did not seek certification of the case as a collective action and the notices of consent to join filed on behalf of the putative opt-in plaintiffs were insufficient on their face to confer representative authority to James or to Morgan and Morgan, Morgan & Morgan represents that each opt-in plaintiff has agreed to have the law firm represent them. Further, each of the putative opt-in plaintiffs have signed the settlement agreement. Doc. No. 33-2.

The settlement agreement specifies the amount that will be paid to each individual plaintiff. In total, Defendant will pay the plaintiffs $18,485.00. All of the putative plaintiffs filed answers to the Court's Interrogatories. Doc. Nos. 16, 21. The following chart sets forth the amounts the putative plaintiffs claimed that they were owed for unpaid wages compared to what they will receive in settlement:

| **Plaintiff** | **Claimed** | **Settlement Amount** |
|---|---:|---:|
| Anthony James | $6,240.00 | $3,450.00 |
| Ardine Daniels | $10,150.00 | $2,000.00 |
| LaShondra Jackson | $15,166.00 | $2,980.00 |
| Levi Jones | $3,900.00 | $500.00 |
| Moise Moliere | $13,400.00 | $2,630.00 |
| Darrell Moore | $10,341.60 | $2,035.00 |
| Byron Tillmon | $4,160.00 | $820.00 |
| James Brown | $11,025.00 | $2,170.00 |
| Charity Jenkins | $2,912.00 | $500.00 |
| Crystal Bradley | $5,408.00 | $500.00 |
| **Total** | **$82,702.60** | **$17,585.00** |

The settlement further provides that Defendant will pay an additional $10,915.00 for plaintiffs' attorneys' fees, which the parties agree are reasonable.

Although the amounts agreed to in the settlement agreement are significantly less than the amounts set forth in the answers to the Court's interrogatories[1], the parties represent that they had a bona fide dispute regarding the payment of overtime wages. After review of the time records, the parties agreed to settle to avoid the costs, delay and uncertainty of litigation. Each party was represented by independent counsel, and each plaintiff has accepted the settlement agreement. Based on these representations, I conclude that the amount the putative plaintiffs will receive is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id*. at 1354.

The Court need not approve the other provisions of the settlement agreement. I note that settlement agreement contains terms that this Court would not approve, such as the confidentiality agreement which is partially unenforceable in light of the public filing of the settlement agreement. Accordingly, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

Accordingly, I respectfully recommend that the Court do the following:

**DISMISS** the collective action allegations;

**JOIN** each of the putative plaintiffs as named plaintiffs to the action;

---

[1] The Court has continuing concerns about the reasonable inquiry conducted pursuant to Fed. R. Civ. P. 11 into the facts before the case was filed and answers to court interrogatories were submitted, based on the substantial discrepancy between the sworn answers to interrogatories regarding FLSA compensation due and the ultimate settlement.

**DENY as moot** the Renewed Joint Motion for Approval of Settlement (Doc. No. 31)[2];

**GRANT** the Joint Motion for Fairness Hearing and Approval of Settlement (Doc. No. 33) to the extent that the Court finds that the unpaid wages plaintiffs will receive pursuant to the Settlement Agreement is a fair resolution of a bona fide dispute under the FLSA;

**DECLINE** to retain jurisdiction to enforce the settlement;

**DISMISS** the case with prejudice as to all parties; and

**DIRECT** the Clerk of Court to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[2] The Report and Recommendation previously entered on this motion, doc. no. 32, is withdrawn.